ORIGINAL

# In the United States Court of Federal Claims

No. 14-1241C
(Filed July 31, 2015)
NOT FOR PUBLICATION

* * * * * * * * * * * * * * * * *
\*
\*
\*
**THOMAS E. BOWLES III,**     \*
\*
       Plaintiff,     \*
   v.     \*
\*
**THE UNITED STATES,**     \*
\*
       Defendant.     \*
\*
* * * * * * * * * * * * * * * * *

FILED

JUL 31 2015

U.S. COURT OF
FEDERAL CLAIMS

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

    Pending before the Court is defendant's motion to dismiss the case pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). For the reasons set forth below, this court lacks jurisdiction over plaintiff's claims, and defendant's motion to dismiss the case is accordingly **GRANTED**.

### I. BACKGROUND

    The plaintiff in this case, Mr. Thomas E. Bowles III, alleges that a Watervliet (N.Y.) City Court judge permitted three tenants to occupy apartments he owned, from 2003 until March 2005, without paying rent. Compl. at 2, 4. Mister Bowles claims damages resulting from the destruction of the property, unpaid rents, and garbage fines. *Id.* at 2, 4, 5. The failure of the Watervliet judge to protect Mr. Bowles and his property allegedly caused "[his] income, home, and life [to be] sabotaged." *Id.* at 5. His total claim amounts to $1,080,000, including "treble damages for destroying [his] life." *Id.* at 5.

    Plaintiff also complains of an *in rem* back tax foreclosure proceeding held on October 28, 2008, by a state judge in Albany County. *Id.* Mister Bowles contends

that the "back tax foreclosure was done wrong because [the] amount of $29,000 [was] wrong." Compl. at 2, 5; Def.'s Mot. to Dismiss (Def.'s Mot.) at 3. Consequently, he alleges that the State of New York wrongfully foreclosed on his home and violated due process of law. Compl. at 5. A New York State appellate court dismissed plaintiff's appeal of this foreclosure decision in 2012. Def.'s Mot. at 3. Plaintiff unsuccessfully challenged the state actions in the U.S. District Court for the Northern District of New York, and appealed this decision without avail in the U.S. Court of Appeals for the Second Circuit. Compl. at 3, 8; *see also* Exs. to Compl., ECF No. 1-2 at 1, 7, 19. The sources of jurisdiction and substantive law cited by plaintiff include 28 U.S.C. § 1331, 42 U.S.C. § 1983, "constitutional rights," the "Bill of Rights," the Fifth and Fourteenth Amendments, and *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). Compl. at 3, 8. In addition to money damages, Mr. Bowles requests an "extraordinary writ of prohibition," which he claims to "be in aid of" our purported "appellate jurisdiction." *Id.* at 8.

Defendant seeks to have this case dismissed pursuant to RCFC 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim for relief, respectively. Def.'s Mot. at 1. The government argues first, that this court has no jurisdiction over matters where the United States is not the defendant. Def.'s Mot. at 8. Second, the government explains that this court does not have jurisdiction to "review the decisions of the Federal district courts or of the United States Court of Appeals for the Second Circuit." *Id.* Third, the government asserts that the referenced statutes and constitutional provisions in the complaint do not provide this court with jurisdiction. *Id.*

Alternatively, the government moves for dismissal under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. Def.'s Mot. at 10. The government argues that Mr. Bowles's complaint is "nothing more than an attempt to challenge a Federal court decision that rejected his claims against non-federal entities or non-Federal employees." *Id.* at 10–11.

Plaintiff has filed an opposition to the motion, arguing that the district court deprived him of property without due process and in violation of its federal question jurisdiction under 28 U.S.C. § 1331. Pl.'s Resp. to Mot. at 1, ECF No. 7. His theory appears to be that, although the City of Watervliet "is responsible" for his loss of rent payments and, ultimately, his house, the United States is also responsible because the district court, Second Circuit, and apparently the Supreme Court did not protect his constitutional rights. *Id.* at 2–3. Mister Bowles was also allowed to file a sur-reply, in which he conclusorily stated that our court has mandamus jurisdiction, and contended that *Bivens* may be the basis for our Tucker Act jurisdiction. Pl.'s Sur-reply at 1, ECF No. 11. Plaintiff also complained that the district court judge recently refused his request for a status conference, which he avers is a further due process violation. *Id.* In its responses, the government argued that neither paper filed by Mr. Bowles established a basis for our court's jurisdiction. Def.'s Reply at 2–4; Def.'s Resp. to Pl.'s Sur-reply at 1–3.

## II. DISCUSSION

### A. Legal Standards

Under RCFC 12(b)(1), this Court must dismiss a claim over which it lacks subject-matter jurisdiction. Our court's "power to adjudicate in specific areas of substantive law" is properly challenged by a RCFC 12(b)(1) motion. *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999). When considering a motion to dismiss for lack of subject-matter jurisdiction, courts will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed. *See, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction bears the burden of establishing it, and must ultimately do so by a preponderance of the evidence. *See McNutt v. GMAC*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991). Here, despite being a *pro se* litigant, Mr. Bowles's pleadings must show that one or more of his claims falls within the jurisdiction of this court if he is to avoid dismissal.

The subject-matter jurisdiction of the Court of Federal Claims is primarily set out in the Tucker Act, which grants "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). Because the Tucker Act itself does not create a substantive cause of action, however, "in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). In *United States v. Mitchell*, 463 U.S. 206 (1983), the Supreme Court explained:

> Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States, and the claimant must demonstrate that the source of substantive law he relies upon "can fairly be interpreted as mandating compensation by the Government for the damages sustained."

*Id.* at 216–17 (quoting *Testan*, 424 U.S. at 400) (internal citations omitted).

Under RCFC 12(b)(6), this court must dismiss a claim when the plaintiff fails to state a claim upon which relief may be granted. As explained above, if the substantive provision under which the claim is brought is not money-mandating, then the claim shall be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1). *Adair v. United States*, 497 F.3d 1244, 1251 (Fed. Cir. 2007). If the plaintiff invokes a money-mandating provision, but the facts as pled do not fit within the scope of that law, however, the court shall dismiss the claim on the merits under RCFC 12(b)(6). *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In order to meet the requirement of facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss under RCFC 12(b)(6), the court is bound to accept the well-pleaded factual allegations of the complaint as true. *Iqbal*, 556 U.S. at 678. The court is not bound to accept as true mere "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## B. Analysis

A court's analysis begins with an examination of the question of jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("[T]he first and fundamental question is that of jurisdiction."). If a court finds that it lacks jurisdiction, then there is nothing for the court to do but dismiss the case. *See id.* (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

### *1. Defendants Other Than the United States*

Mister Bowles appears to be asserting claims against a Watervliet City Court judge, Compl. at 8–9, an Albany County judge, *id.* at 2–4, and Albany County's Department of Taxation and Finance, *id.* at 9. But under 28 U.S.C. § 1491(a)(1), the Court of Federal Claims has "jurisdiction to render judgment upon any claim against the United States." It is well settled that the United States is the only proper defendant in the United States Court of Federal Claims. *See* RCFC 10(a) (requiring that the United States be designated as the defendant in the Court of Federal Claims); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). We have no jurisdiction over claims brought against state or local governments or their officials. *See Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007); *Gharb v. United States*, No. 12-911C, 2013 WL 4828589, at *6 (Fed. Cl. Sept. 9, 2013).

To the extent plaintiff seeks to bring claims against state and local entities and officials, these claims must be dismissed as beyond our jurisdiction. *Vlahakis v. United States,* 215 Ct. Cl. 1018, 1018 (1978). And claims against federal judges must be considered as brought against the United States, not the individuals identified in the complaint. *Brown v. United States,* 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.")(citing 28 U.S.C. § 1491(a)); *Pikulin v. United States,* 97 Fed. Cl. 71, 75 (2011) (citing *United States v. Sherwood,* 312 U.S. 584, 588 (1941)).

### 2. Civil Rights Claim under 42 U.S.C. § 1983

Plaintiff cannot establish jurisdiction in our court based on a violation of 42 U.S.C. § 1983. He appears to be asserting that the State of New York was the entity which deprived him of rights protected by this statute. *See* Compl. at 3. But, as discussed above, the State of New York is not a proper defendant in this forum. Moreover, jurisdiction under Section 1983 lies exclusively in the district courts. *Cunningham v. United States,* 479 F. App'x 974, 975 (Fed. Cir. 2012) (citing *Hernandez v. United States,* 93 Fed.Cl. 193, 198 (Fed. Cl. 2010)) (dismissing suit for claims under 42 U.S.C. § 1983); *Hover v. United States,* 113 Fed. Cl. 295, 296 (2013) *aff'd,* 566 F. App'x 918 (Fed. Cir. 2014) ("[T]he ability of the Court of Federal Claims to entertain suits against the United States is limited. Plaintiff's claims generally arise under 42 U.S.C. § 1983, but the court lacks jurisdiction to consider claims under that statute."); *Jefferson v. United States,* 104 Fed. Cl. 81, 89 (2012) ("[T]he court does not have subject matter jurisdiction over actions arising under sections of the Civil Rights Acts, including 42 U.S.C. § 1983, § 1985, and § 1988 (2006) . . . ."); *Marlin v. United States,* 63 Fed. Cl. 475, 476 (2005). And, in any event, section 1983 is directed toward the actions of state, not federal, officers, *see Griffith v. United States,* No. 14-793C, 2015 WL 1383959, at *2 (Fed. Cl. Mar. 20, 2015), and thus has no relation to any claims against the proper defendant in this case --- the United States.

### 3. Review of Federal District and Appellate Court Decisions

Mister Bowles mistakenly seeks a writ of prohibition "in aid of this Court's appellate jurisdiction because . . . the Northern [D]istrict of New York as well [as] the 2nd Circuit Court all ignored the laws to protect [his] 5th and 14th Amendment rights." Compl. at 8; Def.'s Mot. at 5, 10. But our court is not an appellate tribunal, and "does not have jurisdiction to review the decision of district courts." *Vereda, Ltda. v. United States,* 271 F.3d 1367, 1375 (Fed. Cir. 2001); *see also Joshua v. United States,* 17 F.3d 378, 380 (Fed. Cir. 1994). Nor do we have jurisdiction to review the decisions of federal Courts of Appeal. *See Bafford v. United States,* No. 09-030, 2009 WL 2391785, at *4 (Fed. Cl. Aug. 3, 2009).

### *4. 28 U.S.C. § 1331*

Plaintiff's asserts federal question jurisdiction under 28 U.S.C. § 1331 for claims "arising from violations of federal constitutional rights guaranteed in the 14th Amendment to the U.S. Constitution." Compl. at 3. Mister Bowles claims that two judges of the United States District Court for the Northern District of New York "failed [him] under [28 U.S.C. § 1331]." Compl. at 3. Section 1331, however, provides only federal district courts with jurisdiction, stating: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2012). The provision does not confer jurisdiction upon our court, *see Faulkner v. United States*, 43 Fed. Cl. 54, 55 (Fed. Cl. 1999), nor does it mandate the payment of money for its alleged violation. Section 1331 cannot be used to establish our jurisdiction over Mr. Bowles's case.

### *5. The Fifth and Fourteenth Amendments to the Constitution*

While Mr. Bowles variously refers to violations of his constitutional rights, *see* Compl. at 2, 4, 5, his only specific citations are to the Due Process clauses of the Fifth and Fourteenth Amendments, *id.* at 3, 8. But the constitutional provisions guaranteeing due process are not money mandating. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (stating that the Due Process clauses of the Fifth and Fourteenth Amendments are an insufficient basis for jurisdiction because they "do not mandate payment of money by the government"); *James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998).† Plaintiff's claims based on due process violations must therefore be dismissed for lack of subject matter jurisdiction.

### *6. Bivens Claims*

In the complaint, Mr. Bowles brings "claims arising from violations of federal constitutional rights guaranteed in the 14th Amendment to the U.S. Constitution and redress[i]ble pursuant to *Bivens v. Six Unknown Narcotics* Agents, 403 U.S. 388 (1971)." Compl. at 3. A *Bivens* claim --- in which a party may bring an action for violation of certain constitutional rights against government officials in their individual capacities --- cannot provide the substantive source of law in this court, because "[t]he Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." *Gallo-Rodriguez v. United States*, 513 F. App'x 971, 973 (Fed. Cir. 2013) (quoting *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997)). Accordingly, this court lacks jurisdiction over Mr. Bowles's *Bivens* claims.

---

† Only in the limited circumstance of an alleged illegal exaction may a due process violation come within the jurisdiction of this court. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572–73 (Fed. Cir. 1996).

### C. Miscellaneous Matters

As recounted above, our court lacks jurisdiction over the subject-matter of plaintiff's complaint, and dismissal is warranted under RCFC 12(b)(1). Accordingly, the Court need not consider the government's motion in the alternative, under RCFC 12(b)(6). Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and he is thus relieved of the obligation to pay the filing fee.

After plaintiff's sur-reply was filed, he submitted three additional documents, which were not filed when received. The first, received on April 20, 2015, merely restated the arguments Mr. Bowles made earlier concerning due process and federal question jurisdiction. The second, purporting to be a motion for summary judgment, was not accompanied by the requisite number of copies for filing. *See* RCFC 5.5(d)(2). Since the Court lacks jurisdiction over the claims brought by Mr. Bowles, any motion for summary judgment on his part is, of course, futile. The third document, received on May 11, 2015, is styled a motion for trial but consists of an argument that is difficult to understand concerning Mr. Bowles's claim that he is a sovereign entity. In any event, since our court does not have the power to hear cases concerning the actions of other federal courts, his theory is academic at best. To make a complete record, the Clerk is directed to file all three documents. Because the Court lacks jurisdiction over the case, plaintiff's motions for summary judgment and for trial are **DENIED-AS-MOOT**.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss this case for lack of subject-matter jurisdiction under RCFC 12(b)(1). The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge