**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-1241C
(Filed December 2, 2015)
NOT FOR PUBLICATION

**FILED**
DEC - 2 2015
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * *
                                  *
                                  *
THOMAS E. BOWLES III,             *
                                  *
              Plaintiff,          *
       v.                         *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant.          *
                                  *
* * * * * * * * * * * * * * * * *
```

## ORDER

On November 2, 2015, the Clerk's office received from plaintiff a document requesting reconsideration of the July 31, 2015 decision to dismiss this case for lack of subject-matter jurisdiction. The document was not filed when received, as the twenty-eight day time period for filing reconsideration motions, *see* Rule 59(b)(2) of the Rules of the United States Court of Federal Claims (RCFC), dated from the July 31, 2015 Entry of Judgment, had long expired. The Clerk is directed to return the document to Mr. Bowles.

In any event, the argument made in this document --- that the alleged demotion of one of the judges whose actions were the subject of the complaint constitutes an intervening change in controlling law --- is no basis to reconsider the dismissal of this case under RCFC 59. As was explained in the July 31, 2015 decision, as well as in the October 22, 2015 Order denying plaintiff's two previous requests for reconsideration, our court has not been given jurisdiction over complaints concerning the actions of state judges or seeking a review of decisions of other federal judges. *Bowles v. United States*, 2015 WL 4710258, at *3 (Fed. Cl. July 31, 2015); *Bowles v. United States*, 2015 WL 6424976, at *1 (Fed. Cl. Oct. 22, 2015). The controlling law that would need to change to provide us with this jurisdiction would have to be contained in an act of Congress or a precedential decision of the Federal Circuit or Supreme Court, and none of these sources has

- 2 -

been identified by plaintiff. Thus, even if Mr. Bowles's paper were timely filed, the request for reconsideration would still be denied.

**IT IS SO ORDERED**.

_____
VICTOR J. WOLSKI
Judge